# Third District Court of Appeal

## State of Florida

Opinion filed March 25, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2410
Lower Tribunal No. F05-39150
_____

**Tajhon Wilson,**
Petitioner,

vs.

**State of Florida,**
Respondent.

A Case of Original Jurisdiction – Ineffective Assistance of Appellate Counsel.

Tajhon Wilson, in proper person.

James Uthmeier, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for respondent.

Before FERNANDEZ, LINDSEY and GOODEN, JJ.

PER CURIAM.

## ON MOTION FOR REHEARING

Wilson seeks rehearing of our dismissal of his petition alleging ineffective assistance of appellate counsel for lack of jurisdiction. Pursuant to Florida Rule of Appellate Procedure 9.141(d)(5), "a petition alleging ineffective assistance of appellate counsel on direct review must not be filed more than 2 years after the judgment and sentence became final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel." And "in no case may a petition alleging ineffective assistance of appellate counsel be filed more than 4 years after the judgment and sentence became final on direct review." Fla. R. App. P. 9.141(d)(5); see also Thomas v. State, 413 So. 3d 1036, 1036 (Fla. 1st DCA 2025) (dismissing petition alleging ineffective assistance of appellate counsel as untimely filed).

Here, Wilson's petition was filed on December 1, 2025, which is 16 years since his conviction and sentence became final. Under Rule 9.141(d)(5), his petition is clearly untimely and was therefore properly dismissed. Accordingly, we deny his motion for rehearing.